UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 06-126-JBC**

**LISA R. MOORE,**  **PLAINTIFF,**

**V.**  **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**  **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits (DE 10, 11). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a thirty-four-year-old female with an eighth-grade education and has past relevant work ("PRW") as a motel housekeeper. AR 21. She alleges disability beginning on April 17, 2004, as a result of scoliosis, tethered spinal cord syndrome, chronic back pain, and right-side numbness. *Id.*, AR 43. The plaintiff

filed a claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits on May 4, 2004, which was denied initially and on reconsideration. AR 20. After a hearing held on November 16, 2005, Administrative Law Judge ("ALJ") Don C. Paris determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's status post multiple scoliosis surgeries as a child with instrumentation and removal of Herrington rods were severe impairments. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. At Step 4, the ALJ found that the plaintiff was unable to perform her PRW. The ALJ concluded at Step 5, however, that the plaintiff could perform a significant number of other jobs in the national economy at the light exertional level. AR 27-28.

**III. Legal Analysis**

The plaintiff objects to the ALJ's determination that she could work at the light exertional level on two grounds. First, she argues that the ALJ's opinion is not supported by substantial evidence because he failed to require that a consultative physician examine her. Second, she claims that the ALJ improperly determined that her testimony lacked credibility.

**A. The ALJ's Failure to Order a Consultative Physician Examination**

The plaintiff states that, because she is unemployed and cannot afford health

3

insurance, she is unable to seek treatment from a doctor. She alleges that the last time she saw a doctor was in May of 2004, and the record supports this assertion. Since approximately one-and-a-half years elapsed between the last time a doctor examined her and the date of her hearing, the plaintiff maintains that the ALJ was required to order a consultative examination be performed on the plaintiff before he could adequately determine whether she was under a disability. The ALJ did not order such an examination, and the plaintiff therefore argues that his decision was not supported by substantial evidence.

Under the Commissioner's regulations, an ALJ has the duty to conduct a "full inquiry" into a claimant's disability status. *See* 20 C.F.R. § 416.1444. Nonetheless, the burden of providing a complete record, defined as evidence complete and detailed enough to enable the ALJ to make a disability determination, rests with the claimant. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). The Commissioner's regulations do not require an ALJ to refer a claimant to a consultative specialist, but merely grant him the authority to do so if the existing medical sources do not contain sufficient evidence for him to make a determination. *Id.* (citing 20 C.F.R. § 416.917(a)). "Full inquiry" does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the ALJ to make the disability decision. *Id.* (citing *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)).

4

The ALJ did not err in failing to order a consultative examination of the plaintiff. Although the plaintiff has not seen a doctor in some time, she has visited two treating physicians, Drs. John Vaughan and Steven Kiefer, since her alleged disability onset date. AR 157-59, 160-62. Neither of these physicians opined that she was disabled for all work activity nor did they make clinical findings from which the ALJ should have concluded that she was disabled. Dr. Kiefer found that the plaintiff did not exhibit any neurological deficits and stated that "she [was] in no acute distress" at the time of her examination. AR 160, 161. This observation coincides with the ALJ's finding that the plaintiff's complaints of pain were not credible in light of the medical evidence and her appearance at the hearing. AR 24-25. The ALJ also noted that the plaintiff was not on any pain medications and had not participated in physical therapy. AR 24. Finally, the ALJ also utilized findings rendered by state agency medical consultants regarding the plaintiff's residual functional capacity in making his treatment decision. AR 165-67, 168-77, 178-85. As these findings were consistent with the record as a whole, the ALJ's decision to use them was not error. *See* 20 C.F.R. § 404.1527(d).

The court finds that, given the breadth of information in the record available to the ALJ, a consultative examination was not necessary to enable him to make a disability determination. Accordingly, his decision that the plaintiff is not disabled is supported by substantial evidence.[1]

---

[1] Although the plaintiff was represented by counsel at her hearing, neither said counsel nor the court's own review of the administrative record indicates that

**B. The ALJ's Credibility Finding**

The plaintiff also challenges ALJ Paris's finding that her complaints of debilitating pain were not credible. The ALJ has the opportunity to observe the plaintiff and his credibility determinations are entitled to deference when they are supported by substantial evidence in the record. *See Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 230-31 (6th Cir. 1990). An ALJ's credibility finding, however, must be supported by substantial evidence. *King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984); *see also Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994) ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so.").

The ALJ is also required to consider all of a claimant's symptoms, including pain, in determining whether she is disabled. 20 C.F.R. § 404.1529(a). When such medical signs of an impairment are present, the ALJ must evaluate how the intensity and persistence of the symptoms affect the claimant's ability to work. 20 C.F.R. § 404.1529(b), (c); *see also Felisky*, 35 F.3d at 1038-39 (6th Cir. 1994) (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). In performing this inquiry, the ALJ must consider the objective medical

---

the plaintiff ever requested a consultative examination until after the ALJ issued his decision denying her claim. While not dispositive, the plaintiff's failure to request a consultative examination suggests that her counsel also believed, at the time of the hearing, that such an examination was unnecessary. *See Glenn v. Sec'y of Health and Human Servs.*, 814 F.2d 387, 391 (7th Cir. 1987) ("When an applicant for social security benefits is represented by counsel the [ALJ] is entitled to assume that the applicant is making [her] strongest case for benefits.").

evidence, evidence of the claimant's daily activities, the frequency and intensity of the claimant's pain, any precipitating or aggravating factors, any medications taken to alleviate the pain, and any other measures taken to remedy the claimant's pain. *See Felisky*, 35 F.3d at 1039-40.

The ALJ found that the plaintiff's claims of pain were inconsistent with and unsupported by her appearance at the hearing and the other evidence in the record. Specifically, the ALJ noted that although the plaintiff claimed that she could sit in place for only five minutes at a time, she sat for over twenty minutes at her hearing without changing positions. AR 24. He also discussed the fact that, despite her complaints of pain, she did not participate in physical therapy or take any prescribed medications. *Id.* Finally, the ALJ found that the plaintiff's participation in a wide range of activities, even on a limited basis, was at odds with her allegations that she experienced "constant unbearable pain." AR 25. The ALJ provided sound justifications for his finding that the plaintiff's complaints were incredible, and his determination was therefore supported by substantial evidence.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

Signed on February 6, 2007

Jennifer B. Coffman
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY